PAUL L. REIN, Esq. (SBN 43053)
AARON M. CLEFTON, Esq.  (SBN 318680)
REIN & CLEFTON, Attorneys at Law
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:  510/832-5001
Facsimile:   510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
JENNIEFER SHORT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JENNIEFER SHORT<br><br>    Plaintiff,<br><br>v.<br><br><br>MIGUEL ESQUIVEL dba LAS 3 MARIAS,<br><br><br>    Defendant. | **CASE NO. 5:23-cv-00115**<br><u>**Civil Rights**</u><br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:**<br><br>1. **Violations of Americans with Disabilities Act of 1990 Regarding Service Dogs (42 U.S.C. § 12101 *et seq.*)**<br><br>2. **Violation of the California Unruh Act (Cal. Civil Code §§ 51 and 52) Regarding Service Dogs**<br><br>3. **Violation of the California Disabled Persons Act (Cal. Civil Code § 54 *et seq.*) Regarding Service Dogs**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

Plaintiff JENNIEFER SHORT complains of Defendant MIGUEL ESQUIVEL dba LAS 3 MARIAS, and alleges as follows:

1.    **INTRODUCTION:**  Employees at the Las 3 Marias told Plaintiff she could not eat at the restaurant with her service dog despite that her dog was clearly identified as a service dog. Defendant's employees continually harassed Plaintiff during her meal for resisting Defendant's illegal insistence that she leave, and violating her federally protected right to be accompanied by her service dog.

1

Plaintiff made multiple attempts to explain the laws surrounding service dogs to Defendant's employees, but they continued to harass Plaintiff until she ultimately left the restaurant.   As a result of Defendant's failure to implement proper a service dog policy and lack of employee training, Plaintiff was denied equal access to the restaurant.

2.	As a result of Defendant's illegal acts, Plaintiff suffered denial of her civil rights and suffered physical, mental and emotional damages.  Plaintiff would like to return to eat at Las 3 Marias but she is unable to do so with her medically necessary service dog until the policies of the restaurant are made accessible to disabled individuals who use service dogs, including revision of its service dog policies and necessary employee training. She has brought this lawsuit force Defendant to change its discriminatory and illegal policies, and to compensate her for refusing to allow her to enjoy her meal while she was accompanied by her service dog because she is a disabled person who needs the assistance of her qualified service dog.  Plaintiff seeks an injunction to protect the rights of all disabled persons, including Plaintiff, when accompanied by a qualified service dog at Las 3 Marias located 15080 Seventh Street #2, Victorville, California.

3.	**JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 USC sections 1331 and 1343.  This Court has jurisdiction over the claims brought under California law pursuant to 28 U.S.C. § 1367.

4.	**VENUE:**  Venue is proper in this court pursuant to 28 USC section 1391(b) and is proper because the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

5.	**INTRADISTRICT:**  This case should be assigned to Western Division as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

6.	**PARTIES:**  Plaintiff Jenniefer is a "qualified" physically disabled

2

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

person.  She suffers from panic attacks and anxiety disorder.  Plaintiff relies upon and has trained her service dog, a lab mix named "Zoey," to assist her with certain tasks, including alerting her to the onset of panic attacks.  Zoey is trained to notify Plaintiff when she is about to experience a panic attack by pawing, nosing, and licking Plaintiff until she turns her attention to Zoey.  Zoey has been both individually trained by Plaintiff and professionally trained as a service dog. Plaintiff reinforces that training daily.  Zoey wears a tag that clearly identifies her as a service dog.  Plaintiff is a qualified person with a disability as defined under federal and state law.  42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(1).

7.    Defendant MIGUEL ESQUIVEL dba LAS 3 MARIAS, is and was at all times relevant to this Complaint the owner, operator, lessor and/or lessee of the subject business known as Las 3 Marias located at 15080 Seventh Street #2, Victorville, California.

8.    Las 3 Marias is a place of "public accommodation" and a "business establishment" subject to the requirements *inter alia* of multiple categories of 42 U.S.C. section 12181(7) of the Americans with Disabilities Act of 1990, of California Civil Code sections 51 *et seq.*, and of California Civil Code sections 54 *et seq.*

9.    **FACTUAL STATEMENT:**  Plaintiff has been working with her service dog Zoey for the last five years.  Zoey is a lab mix who was individually trained to be a service dog by Plaintiff with the guidance of a professional trainer. Plaintiff continues to train Zoey to serve her specific needs throughout their relationship.  Zoey is specifically trained to notify Plaintiff when she is about to experience a panic attack by pawing, nosing, and licking Plaintiff until she turns her attention to Zoey.

10.    Zoey is a working dog; she is not a pet.  Plaintiff and Zoey have trained extensively together, and they supplement that training daily.  Plaintiff takes

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1    Zoey everywhere with her in public.  It is important they stay together at all times

2    because (a) Zoey provides important services for Plaintiff; and (b) it is part of the

3    training and bonding requirement that they be together constantly to maintain their

4    bond.  Where Plaintiff goes, Zoey goes.

5         11.    It is self-evident to any reasonable person that Zoey is a service dog

6    and should be allowed to accompany Plaintiff wherever she goes based on her

7    identifying tags and calm and well-trained disposition.

8         12.    On September 23, 2022, Plaintiff and her boyfriend were doing their

9    laundry at the Launderville laundromat in Victorville, California near her home.

10   They got hungry, and they decided to have lunch at the restaurant next door, Las 3

11   Marias, while they waited for their laundry to be finished.

12        13.    Plaintiff, her boyfriend, and Plaintiff's service dog Zoey entered Las 3

13   Marias.  Plaintiff went to use the restroom, and her boyfriend went to the counter to

14   order lunch.  When Plaintiff and Zoey returned from the restroom, the employee

15   behind the counter told Plaintiff and her boyfriend that they could not eat inside the

16   restaurant because of Plaintiff's dog.  Plaintiff explained that Zoey is a service dog

17   and is legally allowed to accompany her anywhere in a public accommodation

18   where the general public is allowed.  Defendant's employee told Plaintiff that she

19   did not care if Zoey is a service dog, she is still not allowed to be inside the

20   restaurant.  The employee then packed Plaintiff and her boyfriend's food in takeout

21   containers and told them they should eat in their car.

22        14.    It was over 100 degrees outside. Plaintiff did not feel comfortable

23   eating outside or in her car.  She and her boyfriend sat down at a table and started

24   eating.

25        15.    Defendant's employees continued to harass her as she tried to eat her

26   meal, including telling Plaintiff to leave and glaring at Plaintiff while she ate.  Zoey

27   was very well behaved.  She was sitting under the table pawing at Plaintiff's leg to

28   try to prevent Plaintiff from having a panic attack, as she is trained to do.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

16.     During her meal, Plaintiff called the Sheriff's Department to make a complaint.  She asked that a sheriff's deputy be dispatched to explain service animal laws to Defendant. The sheriff deputy arrived at the restaurant but was unable to assist Plaintiff in convincing Defendant's employees that they were breaking the law and stated that it was a civil matter without anything more he could do.

17.     After about 30 minutes of being at Las 3 Marias, Plaintiff left the restaurant without finishing her meal.  Her anxiety was being triggered by Defendant's employees' constant harassment.  She, Zoey and her boyfriend went back to the laundromat.

18.     While Plaintiff was finishing her laundry in the laundromat, the owner of Las 3 Marias approached her to discuss the issue.  The owner informed Plaintiff that they do not allow dogs inside the restaurant because it is unsanitary.  He told her that it is the restaurant's policy not to allow any animals inside of Las 3 Marias.

19.     Plaintiff explained that Zoey is a service dog and therefore must be allowed to accompany her inside the restaurant.  Defendant than argued with her that Zoey was not a service dog because she was not wearing a vest.  Plaintiff pointed out that the tags on Zoey's collar clearly identify her as a service dog.  She also accurately informed Defendant that there is no legal requirement that a service dog wear anything that identifies them as a service dog.  The owner reiterated that other customers do not want dogs around them in a restaurant and that is why dogs are not allowed inside Las 3 Marias.  It was clear to Plaintiff that Defendant was not going to change his mind, so she ended the conversation.

20.     Plaintiff would like to return to eat at Las 3 Marias because she enjoys the food, and it is convenient to her home.  However, Plaintiff can only feel comfortable returning to receive care *after* Defendant has implemented proper service animal policies and training of its staff.

//

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FIRST CAUSE OF ACTION:
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### (42 USC §§ 12101 *et seq.*)

21.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 20, above, and incorporates them herein by reference as if separately repled hereafter.

22.    In 1990 Congress passed the Americans with Disabilities Act after finding that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities; that historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem"; that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals"; and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous."  42 U.S.C. § 12101(a).

23.    The ADA provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 USC § 12182.

24.    Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

25.    Las 3 Marias is a public accommodation within the meaning of Title III of the ADA.  42 U.S.C. § 12181(7)(B).

26.    The ADA prohibits, among other types of discrimination, "failure to

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

make reasonable modifications in policies, practices or procedures when such

modifications are necessary to afford such goods, services, facilities, privileges,

advantages or accommodations to individuals with disabilities." 42 U.S.C. §

12182(b)(2)(A)(ii).

27.    Under the "2010 Revised ADA Requirements: Service Animals," as

published by the United States Department of Justice, and distributed by the DOJ's

Civil Rights Division, Disability Rights Section, "Generally, title II and title III

entities must permit service animals to accompany people with disabilities in all

areas where members of the public are allowed to go." ADA 2010 Revised

Requirements, www.ada.gov/service-animals-2010.htm. Further,

> **Under the ADA, State and local governments, businesses, and
> nonprofit organizations that serve the public generally must allow
> service animals to accompany people with disabilities in all areas of
> the facility where the public is normally allowed to go.** For example,
> in a hospital it would be inappropriate to exclude a service animal from
> areas such as patient rooms, clinics, cafeterias, or examination rooms.
> However, it may be appropriate to exclude a service animal from
> operating rooms or burn units where the animal's presence may
> compromise a sterile environment.

*Ibid.*, emphasis in original. Plaintiff has never requested that her service dog be

allowed in a sterile environment, and Defendants restaurant is not a sterile

environment.

28.    Defendant has a policy and practice of denying and restricting access

to patrons with service animals. This is evident from the owner and employees'

behaviors as described above.

29.    On information and belief, as of the date of Plaintiff's most recent visit

to Las 3 Marias on or about September 23, 2022, Defendant continues to deny full

and equal access to Plaintiff and to discriminate against Plaintiff on the basis of her

disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the

goods, services, facilities, privileges, advantages and accommodations of

Defendant's premises, in violation of the ADA.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1       30.    In passing the Americans with Disabilities Act of 1990 (hereinafter

2   "ADA"), Congress stated as its purpose:

3             It is the purpose of this Act

4             (1) to provide a clear and comprehensive national mandate for the
5             elimination of discrimination against individuals with disabilities;

          (2) to provide clear, strong, consistent, enforceable standards addressing
6             discrimination against individuals with disabilities;

7             (3) to ensure that the Federal Government plays a central role in enforcing
          the standards established in this Act on behalf of individuals with disabilities;
8             and

9             (4) to invoke the sweep of congressional authority, including the power to
          enforce the fourteenth amendment and to regulate commerce, in order to
10            address the major areas of discrimination faced day-to-day by people with
          disabilities.
11

12  42 USC § 12101(b).

13      31.    As part of the ADA, Congress passed "Title III - Public

14  Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et*

15  *seq.*).  The subject property and facility is one of the "private entities" which are

16  considered "public accommodations" for purposes of this title, which includes but

17  is not limited to any "professional office of a health care provider." 42 USC

18  § 12181(7)(B).

19      32.    The ADA states that "No individual shall be discriminated against on

20  the basis of disability in the full and equal enjoyment of the goods, services,

21  facilities, privileges, advantages, or accommodations of any place of public

22  accommodation by any person who owns, leases, or leases to, or operates a place of

23  public accommodation." 42 U.S.C. § 12182.  The specific prohibitions against

24  discrimination include, but are not limited to the following:

25  § 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory

26  to afford an individual or class of individuals, on the basis of a disability or

27  disabilities of such individual or class, directly, or through contractual, licensing, or

28  other arrangements, with the opportunity to participate in or benefit from a good,

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

33.     The acts and omissions of Defendant set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

34.     The removal of each of the policy barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA.  As noted hereinabove, removal of each and every one of the policy barriers complained of herein were already required under California law.  In the event that removal of any barrier is found to be "not readily achievable," Defendant still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges,

1    advantages and accommodations through alternative methods that were "readily

2    achievable."

3        35.    On information and belief, as of the dates of Plaintiff's encounters at

4    the premises and as of the filing of this Complaint, Defendant's actions, policies,

5    and physical premises have denied and continue to deny full and equal access to

6    Plaintiff and to other disabled persons who work with service dogs, which violates

7    Plaintiff's right to full and equal access and which discriminates against Plaintiff on

8    the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal

9    enjoyment of the goods, services, facilities, privileges, advantages and

10    accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

11        36.    Defendant's actions continue to deny Plaintiff's rights to full and equal

12    access by deterring Plaintiff from patronizing Las 3 Marias and discriminated and

13    continue to discriminate against her on the basis of her disabilities, thus wrongfully

14    denying to Plaintiff the full and equal enjoyment of Defendant's goods, services,

15    facilities, privileges, advantages and accommodations, in violation of section 12182

16    of the ADA.  42 U.S.C. § 12182.

17        37.    Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections

18    12188 *et seq.,* Plaintiff is entitled to the remedies and procedures set forth in

19    section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is

20    being subjected to discrimination on the basis of her disabilities in violation of

21    sections 12182 and 12183 of this title.  On information and belief, Defendant has

22    continued to violate the law and deny the rights of Plaintiff and other disabled

23    persons to "full and equal" access to this public accommodation since on or before

24    Plaintiff's encounters.  Pursuant to section 12188(a)(2).

25        [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)...
injunctive relief shall include an order to alter facilities to make such

26    facilities readily accessible to and usable by individuals with disabilities
to the extent required by this title.  Where appropriate, injunctive relief

27    shall also include requiring the provision of an auxiliary aid or service,
modification of a policy, or provision of alternative methods, to the

28    extent required by this title.

10

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

38.    Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may use the property and premises, or attempt to patronize Las 3 Marias, in light of Defendant's policy barriers.

WHEREFORE, Plaintiff prays for relief as hereinafter stated.

**SECOND CAUSE OF ACTION:
VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH
ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS
WITH DISABILITIES ACT AS INCORPORATED
BY CIVIL CODE SECTION 51(f)**

39.    Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 38 of this Complaint and incorporates them herein as if separately re-pleaded.

40.    At all times relevant to this action, the Unruh Civil Rights Act, California Civil Code § 51(b), provided that:

All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

41.    California Civil Code section 52 provides that the discrimination by Defendant against Plaintiff on the basis of her disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

42.    Las 3 Marias is a business establishment within the meaning of the Unruh Act.  Defendant is the owner and operator of the business establishment.

43.    Each of Defendant's discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code section 52, which provides that:

11

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1
2
3
4
5

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

6
7
8
9
10
11

44.    Any violation of the Americans with Disabilities Act of 1990 constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52.  Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

12
13
14
15
16
17
18

45.    The actions and omissions of Defendant as herein alleged constitute a denial of access to and use of the described public facilities by disabled persons who use service dogs within the meaning of California Civil Code sections 51 and 52.  As a proximate result of Defendant's action and omissions, Defendant has discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and are responsible for statutory, compensatory and treble damages to Plaintiff, according to proof.

19
20
21
22
23
24
25

46.    Defendant's behavior was intentional: Defendant was aware and/or was made aware of its duties to refrain from establishing discriminatory policies against disabled persons, prior to the filing of this Complaint.  Defendant's establishment of its discriminatory policy to deny and restrict entry to persons with service dogs, and its implementation of such a discriminatory policy against Plaintiff, indicate actual and implied malice toward Plaintiff and conscious disregard for her rights and safety.

26
27
28

47.    **FEES AND COSTS:**  As a result of Defendant's acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1    costs as provided by statute in order to enforce Plaintiff's rights and to enforce

2    provisions of law protecting access for disabled persons and prohibiting

3    discrimination against disabled persons.  Plaintiff therefore seeks recovery of all

4    reasonable attorney fees, litigation expenses and costs pursuant to the provisions of

5    California Civil Code sections 51 and 52.  Additionally, Plaintiff's lawsuit is

6    intended to require that Defendant make its facilities and policies accessible to all

7    disabled members of the public, justifying "public interest" attorney fees, litigation

8    expenses and costs pursuant to the provisions of California Code of Civil Procedure

9    section 1021.5 and other applicable law.

10        48.    Plaintiff suffered damages as above-described as a result of

11    Defendant's violations.

12            WHEREFORE, Plaintiff prays for relief as hereinafter stated.

13                    **THIRD CAUSE OF ACTION:**
                **DAMAGES AND INJUNCTIVE RELIEF**
14    **FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES**
                    **IN A PUBLIC ACCOMMODATION**
15                    **(Civil Code §§ 54 *et seq.*)**

16        49.    Plaintiff re-pleads and incorporates by reference, as if fully set forth

17    hereafter, the factual allegations contained in Paragraphs 1 through 48 of this

18    Complaint as plead infra, incorporates them herein as if separately re-pleaded.

19        50.    Under the California Disabled Persons Act (CDPA), people with

20    disabilities are entitled to the "full and free use of . . . public buildings, . . . public

21    facilities, and other public places."  Civil Code § 54(a).

22        51.    Civil Code section 54.1(a)(1) further guarantees the right of "full and

23    equal access" by persons with disabilities to "accommodations, advantages,

24    facilities . . . hotels, lodging places of accommodation, amusement or resort, or

25    other places to which the general public is invited."  Civil Code § 54.1(c) also

26    specifies that, "individuals with a disability and persons authorized to train service

27    dogs for individuals with a disability, may take dogs, for the purpose of training

28    them as guide dogs, signal dogs, or service dogs in any of the places specified in

13

1  subdivisions (a) and (b)."

2      52.    Civil Code section 54.2(a) specifically protects the right of "every

3  individual with a disability" "to be accompanied by a guide dog, signal dog, or

4  service dog, especially trained for the purpose, in any of the places specified in

5  Section 54.1."

6      53.    Civil Code section 54.3(b) makes liable "Any person or persons, firm

7  or corporation who denies or interferes with admittance to or enjoyment of the

8  public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the

9  rights of an individual with a disability under Sections 54, 54.1 and 54.2."  This

10 section also specifies that, "'[I]nterfere,' for purposes of this section, includes, but

11 is not limited to, preventing or causing the prevention of a guide dog, signal dog, or

12 service dog from carrying out its functions in assisting a disabled person."

13     54.    Defendant is also in violation of California Penal Code section

14 365.5(b) which states:

15     No blind person, deaf person, or disabled person and his or her specially
       trained guide dog, signal dog, or service dog shall be denied admittance
16     to accommodations, advantages, facilities, medical facilities, including
       hospitals, clinics, and physicians' offices, telephone facilities, adoption
17     agencies, private schools, hotels, lodging places, places of public
       accommodation, amusement or resort, and other places to which the
18     general public is invited within this state because of that guide dog,
       signal dog, or service dog.

19

20     55.    Las 3 Marias is a public accommodation within the meaning of the

21 CDPA.  On information and belief, Defendant is the owner, operator, lessor or

22 lessee of the public accommodation.

23     56.    Defendant made the decision to knowingly and willfully exclude

24 Plaintiff and her service dog from its public accommodation and thereby deny

25 Plaintiff her right of entrance into its place of business with her service dog.  As a

26 result of that decision Plaintiff has faced the continuing discrimination of being

27 barred from entering this public accommodation and place of business based upon

28 Defendant's illegal prohibition of her legally protected use of her service dog.

14

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1    Plaintiff has continued to suffer denial of access to these facilities, and faces the

2    prospect of unpleasant and discriminatory treatment should she attempt to return to

3    these facilities.  Plaintiff is unable to return to Las 3 Marias until she receives the

4    protection of this Court's injunctive relief, and she has continued to suffer

5    discrimination on a daily basis since September 23, 2022, all to her statutory

6    damages pursuant to California Civil Code §§ 54.1, 54.2, and 54.3 and California

7    Penal Code section 365.5.

8           57.    **INJUNCTIVE RELIEF:**  Plaintiff seeks injunctive relief to prohibit

9    the acts and omissions of Defendant as complained of herein which are continuing

10   on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff

11   and other members of the public who are disabled, including disabled individuals

12   who require the assistance of service animals, from full and equal access to these

13   public facilities.  Such acts and omissions are the cause of humiliation and mental

14   and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as

15   an inferior and second-class citizen and serve to discriminate against her on the sole

16   basis that she is a person with disabilities who requires the assistance of a service

17   animal.

18          58.    Plaintiff wishes to return to Las 3 Marias but is deterred from returning

19   to use these facilities, because the lack of access and the significant policy barriers

20   will foreseeably cause her further difficulty, discomfort and embarrassment, and

21   Plaintiff is unable, so long as such acts and omissions of Defendant continue, to

22   achieve equal access to and use of these public facilities.  Therefore, Plaintiff

23   cannot return to Las 3 Marias and its facilities and is deterred from further

24   patronage until these facilities are made properly accessible for disabled persons,

25   including Plaintiff and other disabled persons and disabled individuals who require

26   the assistance of a service animal.

27          59.    The acts of Defendant have proximately caused and will continue to

28   cause irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

injunctive relief as to Defendant's inaccessible policies.  As to the Defendant that currently own, operate, and/or lease (from or to) the subject premises, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons, and seeks an award of reasonable statutory attorney fees, litigation expenses and costs.

60.    Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendant to grant full and equal access to Plaintiff in the ways complained of and to require Defendant to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Civil Code sections 54.1, 54.2 and 55, and other laws.  Plaintiff further requests that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as hereinafter prayed for.

61.    **DAMAGES:**  As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendant in owning, operating, leasing, constructing, altering, and/or maintaining the subject facilities, Plaintiff has suffered a violation of her civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to her damages per Civil Code section 54.3, including general and statutory damages, and treble damages, as hereinafter stated.  Defendant's actions and omissions to act constitute discrimination against Plaintiff on the basis that she was and is disabled and unable, because of the policy barriers created and/or maintained by the Defendant in violation of the subject laws, to use the public facilities on a full and equal basis as other persons.  The violations have deterred Plaintiff from returning to attempt to patronize Las 3 Marias and will continue to cause her damages each day these barriers to access and policy barriers continue to

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1 | be present.

2 |   62. Further, although it is not necessary for Plaintiff to prove wrongful

3 | intent in order to show a violation of California Civil Code sections 54 and 54.1 or

4 | of Title III of the ADA (*see Donald v. Café Royale*, 218 Cal. App. 3d 168, 177

5 | (1990)), Defendant's behavior was intentional. Defendant was aware and/or were

6 | made aware of its duties to refrain from establishing discriminatory policies against

7 | disabled persons, prior to the filing of this complaint.  Defendant's establishment of

8 | its discriminatory policy to deny and restrict entry to persons with service dogs, and

9 | its implementation of such a discriminatory policy against Plaintiff, indicate actual

10 | and implied malice toward Plaintiff and conscious disregard for her rights and

11 | safety.

12 |   63. **FEES AND COSTS:**  As a result of Defendant's acts, omissions, and

13 | conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and

14 | costs as provided by statute, in order to enforce Plaintiff's rights and to enforce

15 | provisions of the law protecting access for disabled persons and prohibiting

16 | discrimination against disabled persons.  Plaintiff therefore seeks recovery of all

17 | reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions

18 | of Civil Code sections 54.3 and 55.  Additionally, Plaintiff's lawsuit is intended to

19 | require that Defendant make its facilities accessible to all disabled members of the

20 | public, justifying "public interest" attorney fees, litigation expenses and costs

21 | pursuant to the provisions of California Code of Civil Procedure section 1021.5 and

22 | other applicable law.

23 |   WHEREFORE, Plaintiff prays for relief as hereinafter stated.

24 | **PRAYER**

25 |   Plaintiff has no adequate remedy at law to redress the wrongs suffered as set

26 | forth in this Complaint.  Plaintiff has suffered and will continue to suffer

27 | irreparable injury as a result of the unlawful acts, omissions, policies, and practices

28 | of the Defendant as alleged herein, unless Plaintiff is granted the relief she

17

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1    requests.  Plaintiff and Defendant have an actual controversy and opposing legal

2    positions as to Defendant's violations of the laws of the United States and the State

3    of California. The need for relief is critical because the rights at issue are

4    paramount under the laws of the United States and the State of California.

5           WHEREFORE, Plaintiff Jenniefer Short prays for judgment and the

6    following specific relief against Defendant:

7           1.       An order enjoining Defendant, its agents, officials, employees, and all

8    persons acting in concert with them:

9           a.  From continuing the unlawful acts, conditions, and practices described

10               in this Complaint;

11          b.  To modify their policies and practices to accommodate service dog

12               users in conformity with federal and state law, and to advise Plaintiff

13               that her service dog will not be excluded should she desire to enter and

14               patronize Las 3 Marias;

15          c.  That the Court issue preliminary and permanent injunction directing

16               Defendant as current owners, operators, lessors, and/or lessees and/or

17               their agents of the subject property and premises to modify the above

18               described property, premises, policies and related policies and

19               practices to provide full and equal access to all persons, including

20               persons with disabilities; and issue a preliminary and permanent

21               injunction pursuant to ADA section 12188(a) and state law directing

22               Defendant to provide facilities usable by Plaintiff and similarly

23               situated persons with disabilities, and which provide full and equal

24               access, as required by law, and to maintain such accessible facilities

25               once they are provided and to train Defendant's employees and agents

26               in how to recognize disabled persons and accommodate their rights

27               and needs;

28          d.  An order retaining jurisdiction of this case until Defendant have fully

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

complied with the orders of this Court, and there is a reasonable

assurance that Defendant will continue to comply in the future absent

continuing jurisdiction;

2.    An award to Plaintiff of statutory, actual, general, treble, and punitive

damages in amounts within the jurisdiction of the Court, all according to proof;

3.    An award of civil penalty as against Defendant under California Penal

Code § 365.5(c);

4.    An award to Plaintiff pursuant to 42 U.S.C. § 12205, 29 U.S.C. § 794a,

California Civil Code §§ 52 and 54.3, California Code of Civil Procedure § 1021.5,

and as otherwise permitted by law, of the costs of this suit and reasonable attorneys'

fees and litigation expenses;

5.    An award of prejudgment interest pursuant to Civil Code § 3291;

6.    Interest on monetary awards as permitted by law; and

7.    Grant such other and further relief as this Court may deem just and

proper.

Date: January 23, 2023                    REIN & CLEFTON

_/s/ Aaron M. Clefton_
By AARON M. CLEFTON, Esq.
Attorneys for Plaintiff
JENNIEFER SHORT

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all claims for which a jury is

permitted.

Date: January 23, 2023                    REIN & CLEFTON

_/s/ Aaron M. Clefton_
By AARON M. CLEFTON, Esq.
Attorneys for Plaintiff
JENNEIFER SHORT

19